# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2010

No. 09-10972

Lyle W. Cayce
Clerk

TERRENCE EYLES

Plaintiff - Appellant

v.

ULINE, INC.

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-cv-577-A

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

PER CURIAM:[*]

The plaintiff–appellant, Terrence Eyles, appeals the district court's grant of summary judgment to the defendant–appellee, Uline, Inc., on his claims under the anti-retaliation provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a). Essentially for the reasons stated by the district court, we affirm. *See Eyles v. Uline, Inc.*, No. 4:08-cv-577, 2009 WL 2868447 (N.D. Tex. Sept. 4, 2009).

Eyles also contends that the district court erred in failing to award him court costs and liquidated damages under 29 U.S.C. § 216(b) on his successful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10972

claim for $71.67 in back pay.  But this suit was not necessary to obtain this recovery.  The  Department of Labor concluded, after investigation, that Eyles was entitled to $71.67 in back pay.  Uline offered Eyles the full $71.67 through the Department of Labor, which Eyles refused in favor of filing the present suit. Therefore, Eyles's costs in pursuing exactly this recovery in a federal lawsuit were not reasonably incurred.  Eyles also did not demand liquidated damages on the back pay issue in his amended complaint or at any other point in the proceedings before the district court.  For these reasons, Eyles is not entitled to costs or liquidated damages.

AFFIRMED